UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK ARONS, | Case No: 1:10-CV-326 |
| Plaintiff, | (Hon. Yvette Kane) |
| -against- | |
| CARDWORKS SERVICING, LLC d/b/a PRESIDIO/CM, *et al.*, | |
| Defendants. | |

## **ANSWER**

Defendant CardWorks Servicing, LLC, sued incorrectly herein as "CardWorks Servicing, LC d/b/a Presidio/CM" ("CardWorks"), by and through its attorneys, Stradley Ronon Stevens & Young, LLP, responds to the Complaint of Plaintiff, Jack Arons, as follows:

### **I. INTRODUCTORY STATEMENT**

1. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 1 of the Complaint.

## II. JURISDICTION

2. Defendant CardWorks does not respond to the allegations set forth within Paragraph 2 of the Complaint, as they set forth a legal conclusion to which no response is required.

3. Defendant CardWorks does not respond to the allegations set forth within Paragraph 3 of the Complaint, as they set forth a legal conclusion to which no response is required.

## III. PARTIES

4. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 4 of the Complaint.

5. Defendant CardWorks does not respond to the allegations set forth within Paragraph 5 of the Complaint, as they set forth a legal conclusion to which no response is required.

6. Defendant CardWorks denies the allegations set forth within Paragraph 6 of the Complaint as they relate to a registered address in Harrisburg, Pennsylvania; Defendant CardWorks admits the remaining allegations set forth within Paragraph 6 of the Complaint.

7. Defendant CardWorks admits the allegations set forth within Paragraph 7 of the Complaint to the extent that they allege that CardWorks is

engaged in the business of collecting debts and utilizes the mail and telephones in connection with its business. Defendant CardWorks does not respond to the remaining allegations set forth within Paragraph 7 of the Complaint, as they set forth a legal conclusion to which no response is required.

8. Defendant CardWorks denies the allegations set forth within Paragraph 8 of the Complaint.

9. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 9 of the Complaint.

10. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 10 of the Complaint.

11. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 11 of the Complaint.

### IV. FACTUAL ALLEGATIONS

12. Defendant CardWorks denies the allegations set forth within Paragraph 12 of the Complaint to the extent that they relate to Defendant CardWorks. Defendant CardWorks denies knowledge or information sufficient to

form a belief with regard to the truth of the remaining allegations set forth within Paragraph 12 of the Complaint.

13. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 13 of the Complaint. Defendant CardWorks avers that it does not furnish information to credit reporting agencies with regard to the account subject to this lawsuit.

14. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 14 of the Complaint. Defendant CardWorks avers that it does not furnish information to credit reporting agencies with regard to the account subject to this lawsuit.

15. Defendant CardWorks denies the allegations set forth within Paragraph 15 of the Complaint to the extent that they relate to Defendant CardWorks. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the remaining allegations set forth within Paragraph 15 of the Complaint.

16. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 16 of the Complaint.

17. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 17 of the Complaint.

18. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 18 of the Complaint.

19. Defendant CardWorks denies the allegations set forth within Paragraph 19 of the Complaint.

20. Defendant CardWorks admits the allegations set forth within Paragraph 20 of the Complaint to the extent that they allege that Defendant CardWorks attempted to collect a debt owed by the Plaintiff. Defendant CardWorks denies that it was "hired" by Washington Mutual to attempt to collect any debt owed by Plaintiff.

21. Defendant CardWorks denies the allegations set forth within Paragraph 21 of the Complaint.

22. Defendant CardWorks admits the allegations set forth within Paragraph 22 of the Complaint.

23. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 23 of the Complaint.

24. Defendant CardWorks neither admits nor denies the allegations set forth within Paragraph 24 of the Complaint and respectfully refers the Court to the referenced document for a true and accurate reading of its contents in their proper context.

25. Defendant CardWorks neither admits nor denies the allegations set forth within Paragraph 25 of the Complaint and respectfully refers the Court to the referenced document for a true and accurate reading of its contents in their proper context.

26. Defendant CardWorks admits the allegations set forth within Paragraph 26 to the extent that they allege that CardWorks continued collection activity with regard to the subject account after investigating and verifying the debt. Defendant CardWorks denies the remaining allegations set forth within Paragraph 26 of the Complaint.

27. Defendant CardWorks denies the allegations set forth within Paragraph 27 of the Complaint.

28. Defendant CardWorks denies knowledge of information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 28 of the Complaint to the extent that they relate to Defendants Experian Information Solutions, Inc. and Equifax Information Services, Inc. Defendant

CardWorks admits the remaining allegations set forth within Paragraph 28 of the Complaint.

29. Defendant CardWorks neither admits nor denies the allegations set forth within Paragraph 29 of the Complaint and respectfully refers the Court to the referenced document for a true and accurate reading of its contents in their proper context.

30. Defendant CardWorks admits the allegations set forth within Paragraph 30 of the Complaint to the extent that it continued attempting to collect the debt owed by the Plaintiff. Defendant CardWorks denies the remaining allegations set forth within Paragraph 30 of the Complaint.

31. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 31 of the Complaint.

32. Defendant CardWorks admits the allegations set forth within Paragraph 32 of the Complaint.

33. Defendant CardWorks neither admits nor denies the allegations set forth within Paragraph 33 of the Complaint and respectfully refers the Court to the referenced documents for a true and accurate reading of its contents in their proper context.

34. Defendant CardWorks neither admits nor denies the allegations set forth within Paragraph 34 of the Complaint and respectfully refers the Court to the referenced documents for a true and accurate reading of its contents in their proper context.

35. Defendant CardWorks neither admits nor denies the allegations set forth within Paragraph 35 of the Complaint and respectfully refers the Court to the referenced documents for a true and accurate reading of its contents in their proper context.

36. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 36 of the Complaint.

37. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 37 of the Complaint.

38. Defendant CardWorks denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 38 of the Complaint.

39. Defendant CardWorks denies the allegations set forth within Paragraph 39 of the Complaint.

40. Defendant CardWorks denies knowledge of information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 40 of the Complaint to the extent that they relate to Defendants Experian Information Solutions, Inc. and Equifax Information Services, Inc. Defendant CardWorks admits the allegations set forth within Paragraph 40 of the Complaint to the extent that they allege that Plaintiff has disputed the subject debt. Defendant CardWorks denies the allegations set forth within Paragraph 40 of the Complaint to the extent that they allege that CardWorks has reported "inaccurate information" with regard to the subject debt.

41. Defendant CardWorks denies knowledge of information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 41 of the Complaint to the extent that they relate to Defendants Experian Information Solutions, Inc. and Equifax Information Services, Inc. Defendant CardWorks denies the remaining allegations set forth within Paragraph 41 of the Complaint.

42. Defendant CardWorks denies the allegations set forth within Paragraph 42 of the Complaint.

43. Defendant CardWorks denies the allegations set forth within Paragraph 43 of the Complaint.

44. Defendant CardWorks denies knowledge of information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 44 of the Complaint to the extent that they relate to Defendants Experian Information Solutions, Inc. and Equifax Information Services, Inc. Defendant CardWorks denies the remaining allegations set forth within Paragraph 44 of the Complaint.

**COUNT ONE − FDCPA**
**(Plaintiff v. CardWorks Servicing, LLC d/b/a Presidio/CM)**

45. Defendant CardWorks repeats each and every responses set forth within Paragraphs 1 through 45 of this Answer as if set forth in full herein.

46. Defendant CardWorks does not respond to the allegations set forth within Paragraph 46 of the Complaint as they set forth a legal conclusion to which no response is required.

47. Defendant CardWorks denies the allegations set forth within Paragraph 47 of the Complaint.

**COUNT TWO − FCRA**
**(Plaintiff v. CardWorks Servicing, LLC d/b/a Presidio/CM)**

48. Defendant CardWorks repeats each and every response set forth within Paragraphs 1 through 47 of this Answer as if set forth in full herein.

49. Defendant CardWorks does not respond to the allegations set forth within Paragraph 49 of the Complaint as they set forth a legal conclusion to which no response is required.

50. Defendant CardWorks denies the allegations set forth within Paragraph 50 of the Complaint.

51. Defendant CardWorks denies the allegations set forth within Paragraph 51 of the Complaint.

## COUNT THREE − FCRA
### (Plaintiff v. Experian Information Solutions, Inc.)

52. Defendant CardWorks repeats each and every response set forth within Paragraph 1 through 51 of this Answer as if set forth in full herein.

53. Defendant CardWorks does not respond to the allegations set forth within Paragraphs 53 through 57 of the Complaint as they are alleged in support of a cause of action which is not alleged against CardWorks.

## COUNT FOUR − FCRA
### (Plaintiff v. Equifax Information Services, LLC)

54. Defendant CardWorks repeats each and every response set forth within Paragraph 1 through 53 of this Answer as if set forth in full herein.

55. Defendant CardWorks does not respond to the allegations set forth within Paragraphs 59 through 63 of the Complaint as they are alleged in support of a cause of action which is not alleged against CardWorks.

WHEREFORE, it is respectfully requested that this Court enter judgment: (i) dismissing the Complaint in this action in its entirety as against Defendant CardWorks; (ii) awarding Defendant CardWorks recovery of its costs associated with this action ,including but not limited to reasonable attorneys' fees; and (iii) granting such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a cause of action against CardWorks upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's action is barred by the failure to name one or more necessary parties.

## SIXTH AFFIRMATIVE DEFENSE

6.	Any damages sustained by the Plaintiff were caused in whole or in part by reason of the carelessness and the negligence of some third person or persons not under the control of Defendant CardWorks.

## SEVENTH AFFIRMATIVE DEFENSE

7.	Any damages alleged to have been incurred by Plaintiff are the result, in whole or in part, of Plaintiff's own culpable conduct, including contributory negligence, assumption of risk and/or other culpable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

8.	During the relevant time period, Defendant CardWorks was not a "debt collector", as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

## NINTH AFFIRMATIVE DEFENSE

9.	To the extent the allegations of the complaint give rise to a cause of action under the Fair Debt Collection Practices Act, such violation was not intentional.  To the extent the allegations of the complaint give rise to a cause of action under the Fair Debt Collection Practices Act, such violation was the result of a bona fide error. CardWorks maintains procedures reasonably adapted to avoid such errors.  Accordingly, CardWorks may not be held liable for any violation of the Fair Debt Collection Practices Act under the facts alleged in this action.

WHEREFORE, it is respectfully requested that this Court enter judgment: (i) dismissing the Complaint in this action in its entirety as against CardWorks; (ii) awarding CardWorks recovery of its costs associated with this action, including but not limited to reasonable attorneys' fees; and (iii) granting such further relief as this Court deems just and proper.

    s/Thomas W. Dymek
Thomas W. Dymek, Esquire (PA86248)
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 (facsimile)
tdymek@stradley.com

Attorneys for Defendant CardWorks Servicing, LLC, incorrectly sued herein as "CardWorks Servicing, LLC d/b/a Presidio/CM"

Of Counsel:

Daniel G. Gurfein, Esquire
Michael H. Gibson, Esquire
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, NY 10169

Dated: April 28, 2010

# CERTIFICATE OF SERVICE

I, Thomas W. Dymek, Esquire, certify that on April 28, 2010, I caused a true and correct copy of the foregoing to be served upon the following via ECF:

Brent F. Vullings, Esquire
WARREN & VULLINGS, LLP
1603 Rhawn Street
Philadelphia, PA  19111
brent@warrenvullingslaw.com


Mohammad A. Ghiasuddin, Esquire
KAPLIN STEWART MELOFF REITER & STEIN, P.C.
910 Harvest Drive
P.O. Box 3037
Blue Bell , PA 19422
mghiasuddin@kaplaw.com


John C. McNamara, Esquire
CHRISTIE, PABARUE, MORTENSEN & YOUNG
1880 John F. Kennedy Boulevard, 10th Floor
Philadelphia , PA 19103
jcmcnamara@cpmy.com


    s/Thomas W. Dymek
    Thomas W. Dymek, Esquire