Brent F. Vullings, Esquire
Warren &Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
(215)745-9800
Attorney for Plaintiff

Thomas W. Dymek, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000
Attorney for Defendant, CardWorks
Servicing, LLC

Jennifer G. Betts, Esquire
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 394-7937
Attorney for Defendant, Experian
Information Solutions, Inc.

John C. McNamara, Esquire
Christie, Pabarue, Mortensen & Young
1880 John F. Kennedy Boulevard, 10th Floor
Philadelphia, PA 19103
(215) 587-1600
Attorney for Defendant, Equifax
Information Services, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK ARONS<br><br>Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING, LLC<br>d/b/a PRESIDIO/CM<br>and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>and<br>EQUIFAX INFORMATION<br>SERVICES, INC.<br><br>Defendants | Civil Action No.: 10-cv-326<br><br>Honorable Yvette Kane |

## JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

1.10 Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

**Defendants' various violations of 15 U.S.C. §1692, the Fair Debt Collection Practices Act. and 15 U.S.C. § 1681, the Fair Credit Reporting Act.**

By defendant(s):

**CardWorks Servicing, LLC: The Complaint as alleged is insufficient to set forth a cause of action against CardWorks under either statute. Moreover, any claim under either statute would be barred by the bona fide error or other statutory defenses.**

**Experian Information Solutions, Inc.: Plaintiff has brought claims against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"). Based on the information currently available to Experian, Experian conducted reasonable investigations related to the disputed account and updated Plaintiff's credit history pursuant to the results of the investigations.**

**Equifax Information Services, Inc.: Equifax complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and denies the claims asserted by Plaintiff. Equifax maintains reasonable procedures to assure the maximum possible accuracy of the credit files in its database, including the Plaintiff's credit file. Equifax did not receive any disputes from Plaintiff. Equifax denies that it caused Plaintiff's damages, if any. Plaintiff's alleged injuries and damages, if any, were directly and proximately caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause.**

1.11 The principal factual issues that the parties <u>dispute</u> are:

**The content and nature of Defendants' allegedly inaccurate statements and reported information concerning Plaintiff.**

1.20 agree upon are:

**None.**

1.30   The principal legal issues that the parties <u>dispute</u> are:

- **Whether Defendants made inaccurate and derogatory statements or reported inaccurate and derogatory statements.**
- **Whether Defendants were negligent or failed to follow reasonable procedures in investigating the accuracy of Plaintiff's credit report.**
- **Whether Plaintiff suffered legally compensable, non-speculative damages as a result of any inaccuracies in her credit report.**
- **Whether Plaintiff's injury was proximately caused by any inaccuracies in the credit report.**
- **Whether Defendants negligently failed to provide prompt notice of Plaintiff's dispute to furnishing entities.**
- **Whether Defendant negligently failed to provide information provided by Plaintiff to furnishing entities.**
- **Whether Defendants' conduct was willful, wanton, or reckless.**

1.40  agree upon are:

None

1.50   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None

1.60   Identify any named parties that have not yet been served:

None

1.70   Identify any additional parties that: plaintiff(s) intends to join:

None

defendant(s) intends to join:

**CardWorks Servicing, LLC: None**

**Experian Information Solutions, Inc.: None**

**Equifax Information Services, Inc.: None**

1.80   Identify any additional claims that:

plaintiff(s) intends to add: **None**

defendant(s) intends to add:

**CardWorks Servicing, LLC: None**

**Experian Information Solutions, Inc.: None**

**Equifax Information Services, Inc.: None**

2. **Alternative Dispute Resolution ("ADR")**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: **None**

Date ADR to be commenced: **Not Applicable**

Date ADR to be completed: **Not Applicable**

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

**Not Applicable**

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**If settlement cannot be reached between the parties, trial will likely be necessary.**

3.0 **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

**No.**

All parties agree to jurisdiction by a magistrate judge of this court:

**No.**

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

____Scranton
____Wilkes-Barre
____Harrisburg

**4.0     Disclosures**

4.100   Separately for each party, list by name and title/position each person whose identity has been disclosed.

4.101   Disclosed by: **Plaintiff**

| Name: | Title/Position |
|---|---|
| **Jack Arons** | **Plaintiff** |

4.151   Disclosed by:

**Defendant CardWorks Servicing, LLC**

| Name | Title/Position |
|---|---|
| **Mabel Goonan** | **Representative of CardWorks Servicing, LLC** |

**Defendant Experian Information Solutions, Inc.:**

Name                                                                Title/Position
**Kimberly Hughes or other designated representative of Experian's consumer relations department.**

**Defendant Equifax Information Services, Inc.**

Name                                                                Title/Position
**A designated representative of Equifax Information Services LLC.**

4.200   Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201   Categories of documents disclosed by: **Plaintiff**

**See exhibits attached to filed Complaint. Plaintiff will continue to produce documents as they become available.**

4.202   Categories of documents disclosed by:  **Defendant**

**CardWorks Servicing, LLC: CardWorks will produce those documents concerning Jack Aron's account.**

**Experian Information Solutions, Inc.: Experian will disclose Plaintiff's consumer file disclosures, Experian's communications with data furnishers related to Plaintiff's dispute and Experian's communications with Plaintiff.**

**Equifax Information Services, Inc.: Equifax will disclose its communications with Plaintiff, if any; Plaintiff's current credit file disclosure; selected frozen database scans of Plaintiff's Equifax credit file; and relevant portions of Equifax's policy and procedure manuals upon entry of a protective order.**

4.300   Additional Documents Disclosures: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301   Additional categories of documents Plaintiff will disclose:

**See exhibits attached to filed Complaint.  Plaintiff will continue to produce documents as they become available.**

4.351   Additional categories of documents Defendant will disclose:

**CardWorks Servicing, LLC: None**

**Experian Information Solutions, Inc.: None**

**Equifax Information Services, Inc.: None**

4.400   Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

**Not Applicable.**

4.401   Plaintiff's calculation of damages:

**Statutory damages, actual damages, costs and reasonable attorneys fees pursuant to the Fair Debt Collection Practices Act.  Statutory, actual and punitive damages, costs and attorneys fees pursuant to the Fair Credit Reporting Act.**

4.402   Defendant's calculation of offset:

**CardWorks Servicing, LLC:  Not Applicable.**

**Experian Information Solutions, Inc.: Not Applicable.**

**Equifax Information Services, Inc.: Not Applicable.**

4.403 counter claimant/third party claimant's calculation of damages:

**Not Applicable.**

### 5.0 Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| **Motion for Summary Judgment** | **Plaintiff** | **30 to 60 days after the close of discovery** |
| **Motion for Summary Judgment** | **Defendants** | **30 through 60 days after the close of discovery** |

### 6.0 Discovery

6.100 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): **None to date**

By defendant(s): **None to date**

6.200 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**Depositions of Plaintiff, authorized corporate representatives of Defendants and representatives of Defendants as named in the Complaint, and representative(s) of creditors who have allegedly denied Plaintiff credit.**

6.300 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None at this time.**

6.400   Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

**None at this time.**

6.500   For each of the following discovery tools, recommend the per-party or preside limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits . recommended by plaintiff(s) and by defendant(s)):

**None at this time**

6.501   depositions (excluding experts) to be taken by:

plaintiff(s):   **3 - 5**           defendant(s):  **3 - 5**

6.502   interrogatories to be served by:

plaintiff(s):   **25 for each defendant**      defendant(s): **25 for each defendant**

6.503   document production requests to be served by:

plaintiff(s):   **10 for each defendant**      defendant(s): **10 for each defendant**

6.504   requests for admission to be served by:

plaintiff(s):   **25 requests for admission**   defendant(s): **25 requests for admission**
                **for each defendant**                        **for each defendant**

6.600   All discovery commenced in time to be completed by:   **October 31, 2010**

6.700   Reports from retained experts due:

from plaintiff(s) by   **N/A**           from defendant(s) by  **N/A**

6.800   Supplementations due:  **October 31, 2010**


**7.0     Protective Order**

7.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order.

**Not Applicable.**

7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**Not Applicable.**


**8.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.
Name  **Brent F. Vullings, Esquire**
Title:  **Attorney for Plaintiff**
Address    **1603 Rhawn Street, Philadelphia, PA  19111**
Daytime Telephone:  **(215) 745-9800**

Name: **Thomas W. Dymek, Esquire**
Title   **Attorney for Defendant CardWorks Servicing, LLC**
Address:  **2600 One Commerce Square, Philadelphia, PA 19103**
Daytime Telephone:  **(215) 564-8000**

Name: **Jennifer G. Betts, Esq.**
Title   **Attorney for Defendant Experian Information Solutions, Inc**
Address:  **500 Grant Street, Pittsburgh, PA 15219**
Daytime Telephone:  **(412) 889-5701**

Name: **John C. McNamara, Esq.**
Title   **Attorney for Defendant Equifax Information Services, Inc.**
Address:  **1880 John F. Kennedy Boulevard, 10th Floor, Philadelphia, PA 19103**
Daytime Telephone:  **(215) 587-1600**


**9.0    Scheduling**

9.1    This case may be appropriate for trial in approximately:

_____240 Days from the filing of the action in this court

\_\_X\_\_ 365 Days from the filing of the action in this court

_____ Days from the filing of the action in this court


9.2    Suggested Date for Trial (month/year):  **March 2011**

9.3    Suggested Date for the final Pretrial Conference (month/year):  **February 2011**

9.4    Final date for joining additional parties:

Plaintiff(s)     **January 31, 2011**

Defendants(s)  **January 31, 2011**

9.5    Final date for amending pleadings:

Plaintiff(s)     **January 31, 2011**

Defendants(s)  **January 31, 2011**

9.6    All potentially dispositive motions should be filed by:  **January 31, 2011**

## 10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**None at this time by Plaintiff or Defendants.**


## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.


Dated: June 7, 2010                    **/s/ Brent F. Vullings**
                                       Brent F. Vullings, Esq.
                                       Warren &Vullings, LLP
                                       1603 Rhawn Street
                                       Philadelphia, PA  19111
                                       (215)745-9800

                                       Attorney(s) for Plaintiff(s)
                                       _X_ ECF User(s)
                                       ___ Waiver requested (as separate document)
                                       ___ Fed.R.Civ..Pl. 7 (statement filed if necessary)*

Dated: June 7, 2010

*/s/ Thomas Dymek*
Thomas W. Dymek, Esquire
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

Attorney(s) for Defendant CardWorks
Servicing, LLC
X   ECF User(s)
___ Waiver requested (as separate document)
___ Fed.R.Civ.P1. 7 (statement filed if necessary)*

Dated: June 7, 2010

*/s/ Jennifer Betts*
Jennifer G. Betts, Esq.
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
(412) 394-7937

Attorney(s) for Defendant Experian Information
Solutions, Inc. *(Pro hac vice admission pending)*
X   ECF User(s)
___ Waiver requested (as separate document)
___ Fed.R.Civ.P1. 7 (statement filed if necessary)*

Dated: June 7, 2010

*/s/ John McNamara*
John C. McNamara, Esq.
Christie, Pabarue, Mortensen & Young
1880 John F. Kennedy Boulevard, 10th Floor
Philadelphia, PA 19103
(215) 587-1600

Attorney(s) for Defendant Equifax
Information Services, Inc.
X   ECF User(s)
___ Waiver requested (as separate document)
___ Fed.R.Civ.P1. 7 (statement filed if necessary)*

---

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.